PROB 12C
(06/17)

January 16, 2026
pacts id: 9685303

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Gerardo Hidalgo, Jr. (Spanish)    **Dkt. No.:** 25CR00824-001-CAB

**Reg. No.:** 61934-511

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** Count 1: 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class D felony.

**Date of Sentence:** May 9, 2025

**Sentence:** Time served (80 days); 2 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** May 9, 2025

**Asst. U.S. Atty.:** Carlos Arguello    **Defense Counsel:**    Matthew Luevano
(Appointed)
(619) 234-8467

**Prior Violation History:** None.

**Absconded From Supervision**: No.

---

## PETITIONING THE COURT

**TO ISSUE A BENCH WARRANT**

PROB12(C)

Name of Offender: Gerardo Hidalgo, Jr.                                                      January 16, 2026
Docket No.: 25CR00824-001-CAB                                                                        Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| <u>CONDITION(S)</u> | <u>ALLEGATION(S) OF NONCOMPLIANCE</u> |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about December 21, 2025, Mr. Hidalgo drove without a license, in violation of Arizona Revised Statute (ARS) § 28-3151A, as evidenced by Arizona Department of Public Safety, Traffic and Ticket Complaint No. 915798225355002. |
| **(Standard Condition)**<br>If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. | 2. On or about December 21, 2025, Mr. Hidalgo was questioned by a law enforcement officer, as evidenced by Arizona Department of Public Safety Incident Report No. I25077806, and he failed to notify the probation officer within 72 hours of the contact. |
| **(Standard Condition)**<br>The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer. | 3. On or about December 21, 2025, Mr. Hidalgo left the Southern District of California and traveled to Yuma, Arizona, without first getting permission from the court or the probation officer. |

***Grounds for Revocation:*** As to allegations 1 through 3, I have received and reviewed the following documents from the Arizona Department of Public Safety (DPS): Traffic and Ticket Compliant No. 91579822535500 and Incident No. I25077806. The documentation confirms the following: On the above date, an Arizona DPS trooper observed a black BMW (CA#9NBJ087) traveling eastbound on Interstate 8 at a high rate of speed. Using his department-issued Eagle 3 radar, the trooper got a reading of 84 miles per hour. The posted limit in that area is 65 miles per hour. As the trooper attempted to initiate a traffic stop on the BMW, a gray Chrysler 200 came up next to the trooper, preventing the trooper from stopping the BMW. The BMW gained distance and took exit #7 onto Araby Road. As the trooper was going to get behind the BMW, the Chrysler 200 cut off the trooper. The trooper was able to get in front of both vehicles and activated his red and blue emergency lights; both vehicles came to a stop.

The trooper contacted the driver of the BMW, who was identified as Mr. Hidalgo by his California Identification card. When the trooper asked for a license, Mr. Hidalgo said he has never been issued a license. When asked by the trooper if the driver of the Chrysler 200 was with him, Mr. Hidalgo responded, "Yes." The driver of the Chrysler 200 was also identified, and he reported never been issued a license either. The trooper informed both subjects that their vehicles would be impounded, as neither had a valid driver's license. A search of the vehicles revealed the Chrysler 200 had items consistent with tools used to burglarize vehicles. Mr. Hidalgo was issued a civil Arizona complaint, charging him with violations of ARS § 28-3151A (Driving Without a License) and § 28-701A (Speeding) The complaint (Arizona DPS Complaint No. 915798225355002) indicates Mr. Hidalgo was given a notice to appear at the Yuma Justice Court on January 22, 2026, at 1:00 p.m.

To date, Mr. Hidalgo has failed to report his recent contact with law enforcement to the probation officer. Additionally, Mr. Hidalgo was stopped in the state of Arizona, and records reflect he did not seek or obtain permission from the probation officer to travel outside the Southern District of California. Therefore, Mr. Hidalgo traveled outside of the Southern District of California without first getting permission from the court or the probation officer.

PROB12(C)
Name of Offender: Gerardo Hidalgo, Jr.                                                  January 16, 2026
Docket No.: 25CR00824-001-CAB                                                                    Page 3

**(Standard Condition)**
After initially reporting to the probation officer, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

4.  On November 20, 2025, Mr. Hidalgo failed to report to the probation office, as directed.

*__Grounds for Revocation:__* As to allegation 4, on September 4, 2025, the undersigned met with Mr. Hidalgo at the U.S Probation Office.  During the meeting, the undersigned directed Mr. Hidalgo to report in person to the U.S Probation Office on November 19, 2025, at 4:00 p.m. On November 12, 2025, the undersigned contacted Mr. Hidalgo by telephone and informed him that his appointment would be rescheduled to November 20, 2025, at 4:00 p.m. Mr. Hidalgo acknowledged the new appointment date.

On November 19, 2025, Mr. Hidalgo contacted the undersigned and indicated he would be unable to report for his appointment, scheduled for the following day.  The probation officer instructed Mr. Hidalgo to report to the appointment, as directed. Mr. Hidalgo failed to report in person, as directed.

**(Standard Condition)**
The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

5.  On or about September 1, 2025, Mr. Hidalgo changed his place of residence and failed to report the change to the probation officer within 72 hours, as required.

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

*__Grounds for Revocation:__*  As to allegation 5, Mr. Hidalgo began his term of supervised release on May 9, 2025. On May 28, 2025, the undersigned reviewed the conditions of supervision with Mr. Hidalgo and instructed him to report any change of residence ten days in advance, if possible, but no later than 72 hours after it has occurred.

On December 10, 2025, the undersigned attempted a home contact at Mr. Hidalgo's last reported address, located in Brawley, California. There was no answer, and the undersigned left a business card at the residence. On the same date, the undersigned received a phone call from a woman, regarding the business card.  The woman reported she had been residing at that address since September 2025 and did not know who resided at the location prior to

PROB12(C)

| | |
|---|---|
| Name of Offender: Gerardo Hidalgo, Jr. | January 16, 2026 |
| Docket No.: 25CR00824-001-CAB | Page 4 |

her. She disavowed any knowledge of Mr. Hidalgo. Mr. Hidalgo failed to inform the undersigned of his new place of residence.

When confronted by the undersigned on December 11, 2025, Mr. Hidalgo reported that he had moved and provided the undersigned with his new address. He was admonished and reminded that he is required to report changes to his residence as indicated on his conditions. On December 17, 2025, the undersigned verified the new address provided by Mr. Hidalgo.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

In his short time on supervised release, Mr. Hidalgo has violated the conditions of his supervised release by failing to report as instructed, failing to report his change of residence, failing to report law enforcement contact, and leaving the district where he is authorized to reside without the permission of the probation officer. The Arizona incident report, as referenced herein, indicates an individual named Oscar Ballesteros was an occupant of the other vehicle involved in the incident. Mr. Ballesteros is a former supervisee with three prior federal felony convictions (U.S. District Court, Southern District of California, Dkt. Nos. 09CR00768-001-W, 12CR1648-001-BEN, and 18CR04457-001-LAB).

Mr. Hidalgo's adjustment to supervision has been dismal.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Hidalgo is 25 years old and last reported residing in Brawley, California, with his father. During his supervision term, Mr. Hidalgo reported working as an agricultural laborer but has not submitted any documentation to corroborate the information.

Mr. Hidalgo's criminal record includes arrests or convictions for driving without a license (in California), improper entry of undocumented noncitizen, and manufacturing, distributing or disbursing of any controlled substance.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (driving without a license, failed to report police contact within 72 hours, failed to report to the probation officer, failed to report change of residence within 72 hours, and traveled outside of the district without permission from the court or probation officer) constitute Grade C violations. USSG §7C1.1(a)(3)(A) and (B), p.s.

PROB12(C)

Name of Offender: Gerardo Hidalgo, Jr.                                        January 16, 2026
Docket No.: 25CR00824-001-CAB                                                            Page 5

Upon a finding of a Grade C violation, it may be appropriate for the court to revoke supervised release. The Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. USSG §7C1.3(b)

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7C1.5, p.s.

Pursuant to USSG § 7C1.3 p.s. comment (n.2), upon a report of non-compliance or a finding of a violation, the court may take any appropriate action provided under 18 U.S.C. § 3583, which includes extension, modification, revocation, or termination of supervised release. If revocation is not statutorily required, the court may also consider an informal response, such as issuing a warning while maintaining supervised release without modification, continuing the violation hearing to provide the defendant time to come into compliance, or directing the defendant to additional resources needed to come into compliance.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court may reimpose supervised release upon release from custody.  The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 month(s)</u> supervised release, less any term of imprisonment imposed upon revocation.  18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Hidalgo has failed to comply with his supervision requirements, some as basic as reporting to the probation officer as instructed. He traveled outside of the district to another district without the permission of the probation officer and failed to report his contact with law enforcement as required. Mr. Hidalgo is at risk of flight, given his ties to Mexico and the Central District of California. Therefore, the issuance of a bench warrant for his arrest is recommended to secure his presence before the Court.

## RECOMMENDATION/JUSTIFICATION

In determining an appropriate sentencing recommendation, the undersigned has considered the 18 U.S.C. § 3553 sentencing factors and goals, the nature of the current noncompliance, and Mr. Hidalgo's individual risks and needs, which include his poor performance on supervised release, lack of prosocial support, and his antisocial peer group. It is also noted that Mr. Hidalgo's recent law enforcement contact involved a former federal supervisee, who is a convicted felon with three prior federal convictions.  Mr. Hidalgo appears to have made no substantive changes to achieve a prosocial lifestyle and seems unfazed by the potential consequences of violating his conditions of release.  At the time of sentencing, the Court showed Mr. Hidalgo consideration by imposing a time served sentence, Mr. Hidalgo has not appreciated that consideration, as he deliberately fails to comply with the requirements of his supervised release.

After a careful and individualized assessment of the case, the undersigned respectfully recommends a 4-month term of imprisonment, followed by 2 years' supervised release under the same conditions of supervision previously imposed.  The undersigned also recommends the imposition of all standard conditions, as they will allow the probation officer to effectively monitor Mr. Hidalgo in the community and keep abreast of his activities. The recommended conditions will also facilitate the supervisee's transition into the community, support his/her rehabilitation, and promote public safety.  Finally, the undersigned recommends the additional special condition:

PROB12(C)

Name of Offender: Gerardo Hidalgo, Jr.                                    January 16, 2026
Docket No.: 25CR00824-001-CAB                                                       Page 6

_____

Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of 120 days (punitive).

The RRC condition will provide Mr. Hidalgo with a more structured transition to the community.  He will be subject to closer monitoring and will have the opportunity to secure employment.  Hopefully, the structure of the RRC will promote Mr. Hidalgo's compliance with the conditions of his supervision.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  January 16, 2026**

Respectfully submitted:                              Reviewed and approved:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by _____              _____
Lillian Ramirez                                     Lorena Gonzalez
U.S. Probation Officer                              Supervisory U.S. Probation Officer
(760) 339-4212

PROB12CW

January 16, 2026

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Hidalgo, Gerardo, Jr.

2. **Docket No.** (Year-Sequence-Defendant No.)**:**  25CR00824-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7C1.1)**:**

| Violation(s) | Grade |
|---|---|
| Driving Without a License | C |
| Failed to report law enforcement contact within 72 hours | C |
| Failed to report to the probation officer | C |
| Failed to report change of residence within 72 hours | C |
| Traveled outside of district without permission | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7C1.1(b))  [    C    ]
5. **Criminal History Category** (*See* USSG § 7C1.5)  [    I    ]
6. **Range of Imprisonment** (*See* USSG § 7C1.5)  [    3 to 9 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7C1.4 p.s. comment (n.4)):

Restitution ($) _____    Community Confinement _____

Fine ($) _____    Home Detention _____

Other _____    Intermittent Confinement _____

PROB12(C)

Name of Offender: Gerardo Hidalgo, Jr.                                                   January 16, 2026
Docket No.: 25CR00824-001-CAB                                                                     Page 8

## THE COURT ORDERS:

___X___    AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____    DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_____

_____

_____                1/20/2026
The Honorable Cathy Ann Bencivengo                               Date
U.S. District Judge                                                        mlb